IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS RICHARDS, | CASE NO.  4:04CV2127 |
| Plaintiffs, | JUDGE WELLS |
| v. | MAGISTRATE JUDGE VECCHIARELLI |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | **REPORT AND RECOMMENDATION** Doc. Nos. 59, 63 |
| Defendant. | |

This case is before the magistrate judge on referral.  Before the court is the motion of plaintiff, Dennis Richards, to remand the case to state court.  Doc. No. 59.  Defendant, UNUM Life Insurance of North America ("UNUM"), opposes Richards' motion.  Doc. No. 62.  Also before the court is Richards' motion to strike UNUM's opposition to Richards' motion to remand.  Doc. No. 63.  For the reasons given below, the court should grant Richards' motion to remand and dismiss his motion to strike as moot.

I.  Background

Richards filed this case in the Court of Common Pleas in Mahoning County on July 23, 2003 (Case No. 03 CV 2491).  He asserted state law claims on his own behalf against "UNUM Life Insurance Company of America."  He also asserted claims against "UNUM Provident Corporation" and "Provident Company" as "also doing business as or for" UNUM

Life Insurance Company of America.  On August 29, 2003, defendants removed the case to federal court on the basis of diversity jurisdiction.  Richards moved to remand.  On December 5, 2003, Judge Dowd remanded the case to state court for failure to satisfy the jurisdictional amount in a diversity proceeding.

On September 24, 2004, Richards filed an amended complaint in which he added class action allegations to his previous claims.  Richards' new complaint named the defendants as UNUMProvident Corp., UNUM Life Insurance Company of America ("UNUM"), and Provident Life and Casualty Insurance Company.  All defendants other than UNUM have since been terminated.  Richards' amended complaint alleges that he is entitled to disability payments of $1,749.28 per month as of July 23, 2001.

On October 22, 2004, UNUM again removed the case to federal court, contending that the class allegations permitted aggregation to exceed the requisite jurisdictional amount.  UNUM filed an answer to Richards' complaint on October 29, 2004.  On November 3, 2004, UNUM filed with the Judicial Panel on Multidistrict Litigation ("JPML") a notice of tag-along with cases proceeding in the Eastern District of Tennessee.

Richards filed on November 15, 2004 a motion to remand the case to state court (Doc. No. 15).  Richards argued (1) inasmuch as a class had not been approved, UNUM could not aggregate class claims to meet the jurisdictional requirement of diversity jurisdiction and (2) he was not adding defendants but merely separately and properly naming entities already included in the case and that any confusion was the result of defendants' policy of deliberately inducing confusion regarding responsible corporate entities.  UNUM filed an opposition to this motion on November 29, 2004 (Doc. No. 18).

The JPML issued a conditional transfer order on December 13, 2004 transferring

the action to the Eastern District of Tennessee. Richards moved on January 11, 2005 to vacate the conditional transfer order. Richards declared that he would seek to amend his complaint to eliminate the class action allegations to avoid transfer. In response, defendant agreed that if the class action allegations were eliminated, the action did not need to be transferred.

On March 30, 2005, Richards filed in this court a motion for leave to file a second amended complaint and a renewed second motion to remand to state court (Doc. No. 25). UNUM filed a response to this motion on May 2, 2005 in which it did not oppose the motion to amend (Doc. No. 30).

The JPML transferred the case to the Eastern District of Tennessee on May 4, 2005. On March 28, 2006, the parties filed a joint motion to amend the complaint and to suggest returning the case to the Northern District of Ohio. Richards averred in the joint motion that "in exchange for remand to the United States District Court for the Northern District of Ohio, he will irrevocably drop his class action allegations and will not seek to reassert them or any similar such allegations in any additional pleading in this action or in any separately filed action by Plaintiff." Doc. No. 43, Joint Motion, p. 2. The joint motion included the following: "The Parties acknowledge that Plaintiff does not consent to final jurisdiction in the United States Court for the Northern District of Ohio, but specifically reserves the right to pursue remand back into state court." *Id.*

On March 31, 2006, Richards filed in this court a Second Amended Complaint in which he dropped the class action allegations. Defendant filed an answer on April 17, 2006. The case was remanded to this court on May 24, 2006.

Richards now moves to remand the case to state court. UNUM opposes Richards'

3

motion.

## II. Standard for remand

An action removed to Federal court may be remanded to state court within 30 days of removal pursuant to 28 U.S.C.A. § 1447(c) on the basis of any defect in the removal procedure. In addition, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed. *Wilson v. U.S. Dept. of Agriculture,* 584 F.2d 137, 142 (6th Cir. 1978). Moreover, "any disputed questions and fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (alterations by the quoting court).

## III. Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state. *Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *International Ins. Co. v. Stonewall Ins. Co.*, 86 F.3d 601, 604 (6th Cir. 1996). The court, therefore, will apply Ohio choice of law rules to determine which state's substantive law should govern the case.

As regards Richards' contract claim, Ohio law provides that "the parties may agree that the law either of this state or of the other state or nation shall govern their rights and duties." OHIO REV. CODE. § 1301.05. Both parties agree that because the insurance contract at issue specifies Michigan as the governing jurisdiction, Michigan law applies to adjudicating contract claims in this case. Based on the parties' contracted-for choice of

4

law, therefore, the court agrees that Michigan law applies to Richards' contract claims.

The parties disagree as to what law governs Richards' claim for "bad faith." Both Richards and UNUM describe this claim as a tort claim. Richards argues that Ohio law applies to this claim; UNUM argues that Michigan law applies to the claim. The significance of the choice of law, as discussed more fully in the Analysis section, is whether punitive damages are recoverable and, therefore, are considered toward the amount in controversy for purposes of diversity jurisdiction.

Ohio recognizes two causes of action for "bad faith" in the insurance context. One sounds in tort:

> A cause of action arises for the tort of bad faith when an insurer breaches its duty of good faith by *intentionally* refusing to satisfy an insured's claim where there is either (1) no lawful basis for the refusal coupled with *actual knowledge* of that fact or (2) an *intentional* failure to determine whether there was any lawful basis for such refusal. Intent that caused the failure may be inferred and imputed to the insurer when there is a reckless indifference to facts or proof reasonably available to it in considering the claim.

Zoppo v. Homestead Ins. Co., 71 Ohio St. 3d 552, 554, 644 N.E.2d 397, 399 (1994) (quoting *Motorists Mut. Ins. Co. v. Said*, 63 Ohio St. 3d 690, 590 N.E.2d 1228 (1992)) (emphasis by the quoting court); *see also* LoCoco v. Medical Sav. Ins. Co., 530 F.3d 442, 450-51 (6th Cir. 2008). The other action sounds in contract: "Ohio law . . . supports that there is an implied duty of good faith in almost every contract. . . . [T]he parties to a contract 'are bound toward one another by standards of good faith and fair-dealing.' . . . Good faith is part of a contract claim, not necessarily a separate tort claim." Littlejohn v. Parrish, 163 Ohio App.3d 456, 462, 839 N.E.2d 49, 53 (2005) (citing the reasoning in *Mers v. Dispatch Printing Co.*, 19 Ohio St. 3d 100, 483 N.E.2d 150 (1985)); *see also Wauseon*

*Plaza Ltd. Partnership v. Wauseon Hardware Co.*, 156 Ohio App. 3d 575, 587, 807 N.E.2d 953, 961-62 (2004).

Examination of Richards' First Amended Complaint (Notice of Removal, Doc. No. 1, Exh. 1), the pleading that framed this action at the time of removal, makes clear that Richards pleaded a contract claim, not a tort claim.  Richards pleaded as follows:

### COUNT THREE
### (Breach of the Duty of Good Faith and Fair Dealing)

a. For an award/judgment in favor of Plaintiff and against the Defendants, jointly and severally for breach of the duty of good faith and fair dealing;

b. For all damages arising from the contract;

c. For an award of consequential damages incurred;

d. For an award of reasonable attorney's fees and costs;

e. Such other and further relief this Court deems proper under the circumstances;

f. An award for general compensatory damages; and

g. An award for punitive damages.

First Amended Complaint at 15.  Richards termed the cause of action a breach of the duty of good faith and fair dealing, requested damages arising from the contract, and failed to plead any of the elements comprising an action in tort.  Consequently, the action for "bad faith" pleaded in the First Amended Complaint sounds in contract, not in tort.  As the action for bad faith is a contract claim, Michigan law applies by virtue of the parties' choice of law in the insurance contract.

IV.  Analysis

Richards contends that the case should be remanded to state court because

6

UNUM's removal was untimely and because the amount sought in damages is less than the threshold jurisdictional amount requested in diversity actions.  UNUM denies that its removal was untimely or that the amount sought is less than the jurisdictional amount.

*A.  Whether UNUM's removal was untimely*

Title 28 U.S.C. § 1446 governs the procedures for removal.  Subsection § 1446(c) determines the time limits for removal.  It reads in relevant part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Richards argues that the second removal of this case was untimely because it took place more than one year after commencement of the action.  The action commenced, Richard contends, on July 23, 2003 when he filed his first complaint.  UNUM removed the case for the second time on October 22, 2004.

UNUM responds, *inter alia*, that Richards' argument ignores the exception to the one year rule for class actions:  "A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply) . . . ."  28 U.S.C. § 1453(b); *see also Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 405-07 (6th Cir. 2007).  UNUM removed the case for the second time within a month of Richards' amending his complaint to plead a class action.  As the one-year limitation a class action imposed by 28 U.S.C. § 1446(b)

does not apply to class actions, Richards' argument that UNUM's second removal of the case was untimely because it violated the one-year limitation in 28 U.S.C. § 1446(b) is not well-taken.

*B. Whether the amount sought in damages meets the jurisdictional amount*

Richards argues that removal to federal court was improper because the damages he requested were less than $75,000.00, thus precluding diversity jurisdiction. UNUM responds that the requested damages did meet the jurisdictional amount because (1) the amount of the aggregated claims of all class plaintiffs exceeds the jurisdictional amount, (2) Richards requests past and future compensatory damages that exceed the jurisdictional amount, and (3) Richards' past compensatory damages and punitive damages exceed the jurisdictional amount.

Title 28 U.S.C. § 1332 provides that Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, brought between citizens of different States. 28 U.S.C. § 1332(a)(1). "Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938)).

At the time of removal, Richards' First Amended Complaint asserted a class action against UNUM. The jurisdictional amount in a class action must be satisfied by the amount sought by at least one plaintiff without aggregation. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, ___, 125 S. Ct. 2611, 2620-21 (2005). If the claims of at least one plaintiff satisfy the jurisdictional amount without aggregation with the amounts

8

sought by other plaintiffs, then the court has jurisdiction over claims of all plaintiffs related to the same case or controversy. *Id.* at 2624-25.

A defendant need not establish to a legal certainty that plaintiff's damages meet the jurisdictional amount. Rather, a defendant must show that it is more likely than not that the plaintiff is seeking damages that meet the jurisdictional amount. *Hayes v. Equitable Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A statutory attorney's fee can be considered in determining whether the jurisdictional amount is met, but only if the plaintiff provides a short and plain statement of the statutory penalty claim showing that the pleader is entitled to such damages. *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975). "[A]ny disputed questions of fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (alterations by the quoting court).

Richards' first amended complaint, second amended complaint, and his pleadings do not contain any statement demonstrating that he is entitled to statutory attorney's fees. Consequently, the amount of attorney's fees may not be considered in determining the jurisdictional amount.

Furthermore, UNUM's argument that the court has jurisdiction because the aggregated damages sought by all plaintiffs exceeds $75,000.00 is not well taken. As noted above, the jurisdictional amount in a class action must be satisfied by the amount sought by at least one plaintiff without aggregation. That the aggregated damages sought

9

by all plaintiffs exceeds $75,000.00 is not sufficient to establish subject matter jurisdiction.[1]

Likewise, UNUM's argument that the court has jurisdiction because Richards' requested past and future damages exceed the jurisdictional amount is flawed. In the Sixth Circuit, "future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy." *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996) (quoting an article by Joseph E. Edwards, "Determination of requisite amount in controversy in diversity action in federal district court involving liability under, or validity of, disability insurance," 11 A.L.R. Fed. 120 132). As the parties in the instant case do not dispute the validity of the disability policy but merely dispute the extent of UNUM's obligation with respect to benefits, UNUM may not consider potential future payments in determining whether the amount in controversy equals the jurisdictional amount.

Finally, UNUM's argument that the court has jurisdiction because Richards' compensatory damages and potential punitive damages exceed the jurisdictional amount is also without merit. When UNUM removed this case for the second time, Richards' complaint sought punitive damages based on UNUM's conduct in breaching its promise to pay pursuant to the insurance contract. Under Michigan law, "a disability income

---

[1] UNUM cites *Olden v. LaFarge Corp.*, 383 F.3d 495 (6th Cir. 2004), to the contrary. UNUM errs. *Olden's* holding that the class parties could aggregate their damages to meet the threshold jurisdictional amount was addressed solely to the issue of *supplemental* jurisdiction, after other claims by class members had already satisfied the jurisdictional amount. *Olden* does not stand for the proposition that *all* claims by class members may be aggregated to satisfy the threshold jurisdictional amount.

10

protection insurance policy contract is a commercial contract . . . The damages recoverable are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made." *Kewin v. Massachusetts Mut. Life Ins. Co.,* 409 Mich. 401, 419, 295 N.W.2d 50, 55 (1980). In particular, punitive damages, in the form of exemplary damages, are not available for conduct comprising a breach of contract:

> In Michigan, exemplary damages are recoverable as compensation to the plaintiff, not as punishment of the defendant.  Those cases which permit recovery of exemplary damages as an element of damages involve tortious conduct on the part of the defendant. . . . In cases involving only a breach of contract, however, the general rule is that exemplary damages are not recoverable. . . . In the commercial contract situation, unlike the tort and marriage contract actions, the injury which arises upon a breach is a financial one, susceptible of accurate pecuniary estimation. The wrong suffered by the plaintiff is the same, whether the breaching party acts with a completely innocent motive or in bad faith. . . . [A]bsent allegation and proof of tortious conduct *existing independent of the breach*, exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract.

*Kewin,* 409 Mich. at 419-21, 295 N.W.2d at 55 (citations and footnote omitted) (emphasis added); *see also Taylor v Blue Cross & Blue Shield of Michigan,* 205 Mich. App 644, 657, 517 N.W.2d 864, 890 (1994) ("Failure to pay a contractual obligation does not amount to outrageous conduct, even it is it wilful or in bad faith.").  Moreover, because the failure to perform contractual obligations cannot ground an action in tort, Michigan law does not recognize a tort of bad faith handling of an insurance claim.  *See Burnside v State Farm Fire & Casualty Co,* 208 Mich. App 422, 432, 528 N.W.2d 749 (1995); *Taylor,* 205 Mich. App at 657, 517 N.W.2d at 890; *Runions v. Auto-Owners Ins. Co.,* 197 Mich. App. 105, 109, 495 N.W.2d 166, 168 (1993); *Lawrence v Will Darrah & Associates, PC,* 194 Mich. App 635, 638, 487 N.W.2d 820 (1992), *rev'd on other grounds* 445 Mich. 1 (1994).

Consequently, Richards alleges no tortious conduct independent of the breach of contract. As a result, he cannot be awarded punitive damages.

For purposes of determining the jurisdictional amount, Richards alleges damages of $1,749.28 per month from July 23, 2001 through October 22, 2004 (approximately 39 months), when defendant removed the case stated by the first amended complaint to federal court. UNUM agrees that the amount at issue is $1,749.28 per month. Multiplying $1,749.28 by 39 months yields a total amount of damages alleged by Richards at the time of removal of $68,221.92.[2] This is not sufficient to satisfy the requisite jurisdictional amount of at least $75,000.00. UNUM has not shown that it is more likely than not that the amount at issue in this case is at least $75,000.00. Consequently, UNUM has not carried its burden of demonstrating that this court has subject matter jurisdiction over Richards' claims.

## IV. Motion to Strike

Richards moves to strike UNUM's brief in opposition to his motion to remand, and UNUM opposes the motion to strike. Richards argues that UNUM violated Local Civil Rule 16.6(b) by including in its opposition to Richards' motion to remand information disclosed in mediation. UNUM responds that Richards opened the door to the use of this information by his own use of mediation materials in his motion to remand.

---

[2] UNUM's higher figure for purely compensatory damages includes monthly payments sought after the date of filing, October 22, 2004. The threshold jurisdictional amount, however, must be determined as of the date of filing. Moreover, Sixth Circuit law does not permit this court to consider future damages in determining the threshold jurisdictional amount in this case. This means that only those compensatory damages Richards alleges were already owed as of October 22, 2004 may be considered in determining the jurisdictional amount. UNUM's higher figure for compensatory damages, therefore, is erroneous.

None of the allegedly confidential information disclosed by either party contributes to the recommendation that the court remand the case to state court.  Consequently, as the court should remand this case, the court should deny Richards' motion as moot.

V.  Conclusion

For the reasons given above, the court should remand this case to state court for further proceedings and dismiss Richards' motion to strike UNUM's opposition as moot.

Date:  February 20, 2009              /s/Nancy A. Vecchiarelli
                                      United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).